Ex Parte Tapia.

Appeal from the District Court of San Juan.

No. 79.—Decided May 12, 1904.

Dominion Title—Possession—Good Faith—Prescriptioh.—Quiet and peaceable possession for more than six years under a proper title, namely, one of purchase and sale, and in good faith, are the essential requisites to the acquisition of the ownership of real property by prescription.

Id.—Initial Petition.—Although, in the initial petition in proceedings involving the ownership of real property, it must be alleged whether or not the petitioner has a written title of ownership, nevertheless, the petition having been entertained without such requisite, and without objection on the part of the court or *Fiscal*, it is not proper, after all the legal formalities have been complied with, to deny approval of the proceedings owing to the absence of such requisite, the omission of which should have been ordered supplied by the court in due season.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan, at the instance of Leandro Tapia Santana to obtain a declaration of ownership of a rural estate, pending before us on an appeal taken by the attorney for the petitioner from the judgment rendered by said district court, which reads as follows:

"Porto Rico, June 30, 1903. Leandro Tapia Santana made application to have the ownership of a rural estate, situated in *barrio* 'Carolina,' composed of forty-one cuerdas, and having a value of five hundred dollars, declared in his favor, and stated in his petition instituting the proceedings that he has no recorded title of ownership.

"Only landowners who have no written title of ownership can take advantage of the provisions of title XVI of the Mortgage Law, which circumstance, at least, must be set forth in the initial petition in the proceedings, it not being sufficient to allege the want of a recorded title.

"Having examined article 395 of the Mortgage Law, the declaration of ownership applied for is denied. So ordered and signed by

Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz.''

*Resultando* : que contra la expresada sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á la que sólo asistió el Sr. Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del recurrente: *Sr. Ginorio (Emigdio S.).*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando* además que los testigos Don Mariano Hernández y Hernández y Don Cándido Suárez y Rodríguez, presentados por el promovente, declaran que es cierto y les consta que Don Leandro Tapia y Santana, desde hace más de seis años, es dueño y posee legítimamente la finca rústica de que se trata, habiéndola adquirido de las personas por el título y en la proporción que se expresan en el interrogatorio presentado por el promovente, no habiendo sido inquietado por nadie en el goce y disfrute de dicha finca rústica.

*Considerando* : que el testimonio de los dos testigos que han declarado en el presente informativo, constituye una prueba suficiente para dictar la declaratoria de dominio que solicita el promovente Don Leandro Tapia y Santana, toda vez que unánimemente han declarado que ha venido en posesión quieta y pacífica de la finca rústica de que se trata por más de seis años, con justo título, cual lo es el de compra-venta y con buena fé, que eran los requisitos necesarios para adquirir por la prescripción ordinaria el dominio de los bienes inmuebles,

the court. I certify: Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz.''

From this judgment counsel for the petitioner took an appeal, which was freely allowed both for a review and a stay of proceedings, and the record was forwarded to this court after citation of the parties. The appellant having appeared, the appeal was conducted according to the proper procedure and a day set for the hearing, at which no one was present except the *Fiscal* of this Supreme Court, who opposed the appeal.

*Mr Ginorio (Emigdio S.)*, for appellant.

*Mr. del Toro, Fiscal,* for the people.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

Furthermore, the witnesses Mariano Hernández y Hernández and Cándido Suárez y Rodríguez, produced by the petitioner, testify that it is true and known to them of their own knowledge that Leandro Tapia y Santana has been the owner and lawfully in possession of the rural estate in controversy for more than six years, having acquired it from the persons, under the title, and in the proportion set forth in the interrogatories propounded by the petitioner, and has not been disturbed by any one in the use and enjoyment of said rural estate.

The testimony of the two witnesses who testified in the present investigation constitutes sufficient evidence upon which to base the declaration of ownership applied for by the petitioner, Leandro Tapia y Santana, inasmuch-as they both declare that he has been in the quiet and peaceable possession of the estate in question for more than six years, under a proper title, namely, one of purchase and sale, and in good faith, which are the essential requisites for acquiring the ownership of real estate by ordinary prescription, in accordance

con arreglo á la Orden Judicial de 4 de Abril de 1899, que es
la aplicable al caso.

*Considerando*: que si bien en el escrito de promoción de
este informativo no se expresó que el peticionario careciera
de título de dominio escrito, como es necesario para que los
propietarios que carezcan de título de aquella clase puedan
justificar su dominio por medio de la información que es-
tablece el artículo 395 de la Ley Hipotecaria, habiendo sido
admitido dicho escrito sin aquél requisito, no procede rechazar-
lo hoy de oficio, después de corridos todos los trámites del ex-
pediente, por un defecto de forma que el Tribunal en todo
caso pudo y debió corregir, rechazando de plano el escrito de
promoción de este informativo.

*Vistas* las disposiciones legales citadas en la presente sen-
tencia.

*Fallamos*: que debemos revocar y revocamos la sentencia
apelada, declarando que á Don Leandro Tapia y Santana
corresponde el dominio de la finca rústica reseñada en el es-
crito de promoción de este expediente, mandando en su con-
secuencia se le expida testimonio literal de esta sentencia y de
las demás constancias de los autos que solicitare, para su ins-
cripción en el Registro de la Propiedad.

Jueces concurrentes: Sres. Hernández, Figueras, Sulz-
bacher y MacLeary.

with the Judicial Order of April 4, 1899, applicable to this case.

Although in the petition instituting these proceedings it was not stated that the petitioner had no written title of ownership, as is necessary to enable property owners who have no title of that description to establish their ownership by means of the judicial inquiry prescribed by article 395 of the Mortgage Law, said petition having been admitted without such requisite, it is not proper at this time, after all the steps in the proceedings have been taken, for the court to reject it on its own motion for a defect of form which it could and should have corrected in any event, by rejecting *eo instante* the petition instituting this proceeding.

In view of the legal provisions cited in this decision, we adjudge that we ought to reverse and do reverse the judgment appealed from, declaring that the ownership of the rural estate described in the petition instituting this proceeding is vested in Leandro Tapia y Santana, and in consequence thereof we order that a duly certified copy of this judgment, as well as the other portions of the record which he may have applied for, be issued to him for admission to record in the Registry of Property.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.